IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROBERT LEE MILHOUSE,
    Plaintiff,

vs.                                       Case No.: 3:11cv115/MCR/EMT

ROGERS MILHOUSE,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

        This matter is before the court on Plaintiff's notice of voluntary dismissal of the instant civil rights case, filed pursuant to 42 U.S.C. § 1983, without prejudice (Doc. 9). Rule 41(a)(1)(A)(i) provides that an action may be dismissed without an order of the court by filing a notice of dismissal at any time before the adverse party serves an answer or files a motion for summary judgment. Because Defendant has not yet been served in the instant case, it is clear that Plaintiff is automatically entitled to a voluntary dismissal at this time.

        The court will additionally address two others matters raised by Plaintiff in his notice of voluntary dismissal. First, Plaintiff states he was "out of [his] element" and did not understand that state and federal courts had different subject matter jurisdictions over civil matters (Doc. 9 at 1). He inquires whether he must still pay the full filing fee in this case in light of his voluntary dismissal. Plaintiff's complaint shows that he was a prisoner when he initiated this case (Doc. 1 at 2). He filed a motion to proceed in forma pauperis ("IFP") (Doc. 4), which the court granted, pursuant to 28 U.S.C. § 1915(a), thus allowing him to bring this action without prepayment of the filing fee (*see* Doc. 6). While Plaintiff was relieved of the obligation to <u>prepay</u> the filing fee, the IFP statute still requires him to pay the full amount of the fee. *See* 28 U.S.C. 1915(b)(1). Indeed, Plaintiff was advised in the order granting his IFP motion that "dismissal or other disposition of this action will NOT relieve him of the obligation to pay the filing fee in this case." (Doc. 6 at 2). The

fact that Plaintiff did not know the jurisdictional limitations of the federal court does not excuse him from the statutory requirement to pay the fee. Requiring litigants such as Plaintiff to fulfill this statutory obligation helps cover the administrative costs of the court and ensures that incarcerated litigants do not engage in litigation as a purely recreational activity. Thus, the answer to Plaintiff's inquiry is yes, he is still obligated to pay the filing fee.

Second, Plaintiff asks the court to provide him legal advice concerning pursuing his claim against Defendant in state court. Plaintiff is advised that the court may not dispense legal advice to litigants. *See* Mikell v. United States, No. 6:09cv00065, 2009 WL 3201769, at *1 (S.D. Ga. 2009) (the court cannot give legal advice) (unpublished); Burke v. Morgan, No. 06-CV-348-JMH, 2009 WL 1598420 at * 4 (E.D. Ky. June 4, 2009) (unpublished) ("The Court is not empowered either to dispense legal advice to parties, or to practice their case on their behalf."); Landry v. Davis, No. 08-3244-SAC, 2009 WL 274242 at * 4 (D. Kan. Jan. 26, 2009) (unpublished) ("Federal courts may not provide legal advice to a pro se litigant, just as they may not provide legal advice to a party represented by an attorney"). Therefore, the court will not "steer [him] in the right direction" as he requests.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's notice of voluntary dismissal (Doc. 9) be **GRANTED** and this case be **DISMISSED**.

At Pensacola, Florida, this 21st day of April 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**